IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WELLS FARGO BANK, N.A., | ) Civil No. 25-00014 DKW-KJM |
| | ) |
| Plaintiffs, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT IN |
| vs. | ) PART AND DENY IN PART |
| | ) PLAINTIFF WELLS FARGO BANK, |
| GOLDEN POND, INC., and YOUNG | ) N.A.'S MOTION FOR DEFAULT |
| L. LEE, | ) JUDGMENT AGAINST DEFENDANT |
| | ) GOLDEN POND, INC. |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART PLAINTIFF WELLS FARGO BANK, N.A.'S MOTION
FOR DEFAULT JUDGMENT AGAINST DEFENDANT GOLDEN POND, INC.

On February 13, 2026, Plaintiff Wells Fargo Bank, N.A. ("Plaintiff"), filed a

Motion for Default Judgment Against Defendant Golden Pond, Inc. ("Defendant

Golden Pond") ("Motion").  ECF No. 28.  Defendant Golden Pond did not file a

written response to the Motion.  Plaintiff did not file a reply.

On April 1, 2026, the Court held a hearing on the Motion.  ECF No. 33.

Christopher P. St. Sure, Esq., appeared on behalf of Plaintiff.  Defendant Golden

Pond did not appear at the hearing.  Three calls were made outside the courtroom

for Defendant Golden Pond, with no response.  *Id.*

On April 22, 2026, pursuant to the Court's request, Plaintiff filed a

Declaration in Support of Award of Attorneys' Fees and Costs.  ECF No. 34.

After carefully considering the memoranda, applicable law, record in this case, and the arguments of counsel, the Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART the Motion for the reasons set forth below.

## BACKGROUND

The Court takes the following allegations from the Complaint.[1]  ECF No. 1. Defendant Young L. Lee ("Defendant Lee") owns Defendant Golden Pond, a Hawaii corporation.  *See id.* at 3 ¶¶ 6, 8.  On March 28, 1995, Defendant Lee applied for a business line of credit with Plaintiff on behalf of Defendant Golden Pond.  *Id.* ¶ 7.  Defendant Lee signed a document that stated, among other things, that he "agree[d] on behalf of the company . . . to the terms and conditions of the Customer Agreement . . . ."  *Id.* ¶ 10; *id.* at 11.  Defendant Lee also executed a personal guaranty for the line of credit.  *Id.* at 3 ¶¶ 9–10; *id.* at 11.  On April 1, 1995, Plaintiff extended a business line of credit to Defendant Golden Pond.  *Id.* at 4 ¶ 12.

---

[1]  The Court notes that the analysis on a motion for default judgment relies heavily on the allegations in the complaint.  *See Adobe Sys., Inc. v. Tilley*, No. C 09–1085 PJH, 2010 WL 309249, at *3 (N.D. Cal. Jan. 19, 2010) ("[W]here the allegations in a complaint are not 'well-pleaded,' liability is not established by virtue of the defendant's default and default judgment should not be entered." (citation omitted)).  The "Factual Background" section of the Motion, however, does not include citations to the Complaint.  The Court itself thus conducted a thorough review of the Complaint and summarized the relevant background.

Plaintiff alleges that Defendant Golden Pond defaulted in the performance of the terms set forth in the customer agreement by failing to pay the amounts due under the business line of credit. *Id.* ¶ 14. Plaintiff alleges that it has not received any payment from Defendants Lee and Golden Pond (collectively, "Defendants") since January 7, 2024. *Id.* ¶ 15. Due to the lack of payment, Plaintiff charged off and closed the line of credit on June 13, 2024. *Id.* ¶ 16.

On January 8, 2025, Plaintiff filed this action against Defendants. Plaintiff asserts claims for breach of contract and unjust enrichment against Defendant Golden Pond. ECF No. 1. On February 17, 2025, Plaintiff served Defendant Lee with the Complaint in accordance with the Federal Rules of Civil Procedure. ECF No. 12. On May 23, 2025, pursuant to Plaintiff's request, the court entered default against Defendant Lee for his failure to respond to the Complaint. ECF Nos. 19, 20. On June 3, 2025, Plaintiff served Defendant Golden Pond with the Complaint in accordance with the Federal Rules of Civil Procedure. ECF No. 21. On October 14, 2025, pursuant to Plaintiff's request, the court entered default against Defendant Golden Pond. ECF No. 23.

On January 2, 2026, Plaintiff filed a Notice of Bankruptcy Stay, informing the court that Defendant Lee filed a Chapter 7 bankruptcy case. ECF No. 26. That same day, the Court issued an entering order staying Plaintiff's claims against Defendant Lee pursuant to 11 U.S.C. § 362. ECF No. 27. On March 10, 2026, the

3

bankruptcy court discharged a number of Defendant Lee's debts including the personal guaranty for the credit line with Plaintiff. *In re: Young Lo Lee*, Bankr. Case # 25-01110 (D. Haw. 2026).

On February 13, 2026, Plaintiff filed the instant Motion, seeking default judgment against Defendant Golden Pond as to its claims for breach of contract (Count I) and unjust enrichment (Count III). ECF No. 28.

DISCUSSION

I.    Jurisdiction

Before considering the merits of a request for default judgment, the Court has an affirmative obligation to determine whether it has subject-matter jurisdiction over this action and personal jurisdiction over Defendants. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

Plaintiff asserts that the court has subject-matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. ECF No. 1 at 2 ¶ 4. Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the controversy is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of

4

a different state than each of the defendants. *Demarest v. HSBC Bank USA, N.A. as Tr. for Registered Holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE2*, 920 F.3d 1223, 1226 (9th Cir. 2019) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Diversity is determined at the time the complaint is filed. *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (other citation omitted) (citing *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,* 858 F.2d 1376, 1380 (9th Cir. 1988)).

Plaintiff alleges that the amount in controversy exceeds $75,000. ECF No. 1 at 2 ¶ 4. Plaintiff asserts that it is a national banking association with its designated main office in Sioux Falls, South Dakota. *Id.* ¶ 1. Plaintiff is thus a citizen of South Dakota. *See Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir. 2014) (concluding that, "under 28 U.S.C. § 1348, a national bank is a citizen only of the state in which its main office is located").

Plaintiff asserts that Defendant Golden Pond is a Hawaii corporation with its principal place of business in Hawaii. ECF No. 1 at 2–3 ¶¶ 2, 5. Defendant Golden Pond is thus a citizen of Hawaii. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)) (stating that a corporation is a citizen of the state (1) in which it is incorporated, and (2) where its principal place of business is located). In addition, Plaintiff

5

asserts that Defendant Lee resides in Hawaii.  ECF No. 1 at 2–3 ¶¶ 3, 5.  Defendant

Lee is thus a citizen of Hawaii.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857

(9th Cir. 2001) (stating that a person's citizenship is determined by his or her state

of domicile).

Based on the foregoing, the Court finds that it has subject-matter jurisdiction

over Plaintiff's claims pursuant to 28 U.S.C. § 1332 because there is complete

diversity between the parties and the amount in controversy exceeds $75,000.

Furthermore, the Court has personal jurisdiction over Defendants.  Personal

jurisdiction can be acquired by, among other things, personal service.  *Cripps v.*

*Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Burnham v.*

*Super. Ct. of Cal.*, 495 U.S. 604 (1990)).  The record reflects that Plaintiff effected

service of the Complaint on Defendants in accordance with the Federal Rules of

Civil Procedure.  ECF Nos. 12, 21.

Based on the foregoing, the Court finds that it has jurisdiction to consider

the Motion.

II.     Default Judgment

Federal Rule of Civil Procedure 55 governs the two-step process for

obtaining default judgment.  First, the moving party must seek an entry of default

from the clerk of court.  Fed. R. Civ. P. 55(a).  Here, the Court finds that Plaintiff

6

has satisfied the first step by obtaining entry of default as to Defendant Golden Pond.  ECF No. 23.

After the clerk enters default, a party must separately seek entry of default judgment from the court in accordance with Rule 55(b).  Fed. R. Civ. P. 55(b)(2).  The granting or denial of a motion for entry of default judgment is within the discretion of the court.  *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam) (citations omitted).  "Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right."  *In re Villegas*, 132 B.R. 742, 746 (B.A.P. 9th Cir. 1991) (citations omitted).  The court's role on a motion for default judgment is not ministerial, and "[t]he entry of default does not convert this court into a rubber stamp for whatever judgment a plaintiff proposes."  *Nw. Adm'rs, Inc. v. Uzunov Trucking, LLC*, No. C09-1229RAJ, 2010 WL 933873, at \*1 (W.D. Wash. Mar. 11, 2010).  "Indeed, in some ways, a motion for default judgment places an additional burden on the court" because "the court must carefully scrutinize the requested judgment without the benefit of an adversary."  *Id.*

The Ninth Circuit has enumerated factors that courts should consider in determining whether to grant default judgment:

(1)     the possibility of prejudice to the plaintiff;

(2)     the merits of the plaintiff's substantive claim;

(3)     the sufficiency of the complaint;

(4)     the sum of money at stake in the action;

(5)     the possibility of a dispute concerning material facts;

(6)     whether the default was due to excusable neglect; and

(7)     the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*See Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986).

A.     Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers whether a plaintiff "will suffer prejudice if default judgment is not entered." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C. D. Cal. 2002). In light of the discharge order issued by the Hawaii bankruptcy court, Plaintiff cannot pursue recovery against Defendant Lee. Thus, absent entry of default judgment, Plaintiff's only alternatives as to Defendant Golden Pond would be to seek summary judgment (with admissible evidence) or proceed to a one-sided trial, both of which are less inefficient, unnecessary options under the circumstances. *See* Fed. R. Civ. P. 1. Accordingly, the Court finds that the first *Eitel* factor weighs in favor of default judgment.

B.     Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint

The second and third *Eitel* factors focus on the merits of Plaintiff's claims and the sufficiency of the Complaint. *Eitel*, 782 F.2d at 1471. These factors are often analyzed together and considered to be "the most important." *Vietnam*

8

*Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (citations omitted).  A plaintiff's failure to satisfy the second and third factors alone is dispositive and warrants denial of a motion for default judgment. *See United States ex rel. Lesnik v. Eisenmann SE*, Case No. 16-CV-01120-LHK, 2021 WL 4243399, at *11 (N.D. Cal. Sept. 17, 2021) (citing *Golden W. Veg, Inc. v. Bartley*, No. 16-CV-03718-LHK, 2017 WL 386254, at *6 (N.D. Cal. Jan. 27, 2017) (explaining that failure to satisfy the second and third *Eitel* factors is sufficient to deny a motion for default judgment)), *aff'd sub nom. United States ex rel. Lesnik v. ISM Vuzem d.o.o.*, 112 F.4th 816 (9th Cir. 2024).

These factors require courts to determine whether a plaintiff has "state[d] a claim on which the [plaintiff] may recover." *PepsiCo*, 238 F. Supp. 2d at 1175 (some brackets in original and citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  "In considering the sufficiency of the complaint and the merits of the plaintiff's substantive claims, facts alleged in the complaint not relating to damages are deemed to be true upon default." *Adobe*, 2010 WL 309249, at *3 (citing *Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(d)).  Courts, however, need not consider as true facts that

9

are not well-pleaded or conclusions of law.  *DIRECTV, Inc. v. Hoa Huynh*, 503

F.3d 847, 854 (9th Cir. 2007) (citing *Nishimatsu Const. Co. v. Houston Nat. Bank*,

515 F.2d 1200, 1206 (5th Cir. 1975)).  Thus, "where the allegations in a complaint

are not 'well-pleaded,' liability is not established by virtue of the defendant's

default and default judgment should not be entered."  *Adobe,* 2010 WL 309249, at

*3 (citing *Nishimatsu*, 515 F.2d at 1206).  The Court analyzes Plaintiff's claims in

turn below.

       1.     Count I—Breach of Contract

In the Complaint, Plaintiff asserts that Defendant Golden Pond defaulted in

the performance of the terms set forth in the 1995 customer agreement, as amended

by a 2022 customer agreement.  *See* ECF No. 1 at 4 ¶¶ 13–14, 6 ¶ 25.  Plaintiff

attached a copy of the 2022 agreement to the Motion.  ECF No. 28-6.  Although

Plaintiff did not attach the 2022 customer agreement to the Complaint or

incorporate it by reference, the Court exercises its discretion to consider the 2022

agreement in deciding the Motion.  *See GS Holistic, LLC v. Alien Smoke Shop*,

Case No. 2:22-cv-05622-JLS-DFM, 2023 WL 3402589, at *2 (C.D. Cal. Mar. 17,

2023) (stating that "the court has discretion to require some proof of facts that must

be established in order to determine liability" (citing authorities)); *see also Wooten*

*v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015) (finding that

the district court did not abuse its discretion in entering default judgment when it

10

considered extrinsic evidence that added factual details that fleshed out the plaintiff's claim and that served a permissible purpose under Federal Rule of Civil Procedure 55(b)(2)).

Pursuant to the Governing Law provision of the 2022 customer agreement, any dispute arising under the agreement is governed by South Dakota law.  ECF No. 28-6 at 13.  To prevail on a breach of contract claim under South Dakota law, a plaintiff must show three elements:  "(1) an enforceable promise; (2) a breach of the promise; and (3) resulting damages."  *Uhre Realty Corp. v. Tronnes*, 3 N.W.3d 427, 434 (S.D. 2024) (citation omitted).

As to the first element, South Dakota law provides that "[a] contract is an agreement to do or not to do a certain thing."  *Baker v. Masco Builder Cabinet Grp., Inc.*, 912 F. Supp. 2d 814, 820–21 (D .S.D. 2012) (citing S.D. Codified Laws § 53-1-1).  The Complaint sufficiently demonstrates that Defendant Golden Pond accepted an offer to open a business line of credit with Plaintiff.  *See* ECF No. 1 at 3 ¶¶ 9–10, 4 ¶ 12; *id.* at 11; Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").  Defendant Lee, as president of Defendant Golden Pond, signed a document stating that he "agree[d] on behalf of the company . . . to the terms and conditions of the Customer Agreement . . . ."  ECF No. 1 at 3 ¶ 10; *id.* at 11.  One of the terms of the 2022 customer agreement was to pay Plaintiff all amounts due under the account.

11

*See* ECF No. 28-6 at 9.  For purposes of deciding the Motion, the Court finds that Plaintiff sufficiently establishes that there was an enforceable promise between Plaintiff and Defendant Golden Pond.

As to the second and third elements, Plaintiff asserts that Defendant Golden Pond breached the terms of the customer agreement on January 7, 2024, by failing to pay the amounts owed under the business line of credit.  *See* ECF No. 1 at 4 ¶¶ 14–15; *id.* at 6 ¶¶ 25, 28, 29.  Plaintiff also asserts that as a direct and proximate result of Defendant Golden Pond's breach of contract, Plaintiff has suffered damages.  *Id.* at 6 ¶ 29.

Based on the foregoing, the Court finds that Plaintiff sufficiently states a breach of contract claim against Defendant Golden Pond.  The Court thus finds that the second and third *Eitel* factors, the merits of the claim and the sufficiency of the Complaint's allegations, weigh in favor of default judgment as to Plaintiff's breach of contract claim.

        2.       Count III—Unjust Enrichment

Plaintiff alleges that Defendant Golden Pond received the benefit of the credit line and has unjustly retained those benefits by failing to pay the outstanding balance due on the credit line.  ECF No. 1 at 8 ¶ 37.  Plaintiff asserts that it is entitled to restitution and/or other equitable remedies.  *Id.* ¶ 38.

The Court finds that Plaintiff fails to sufficiently state a claim for unjust enrichment. Unjust enrichment is an equitable remedy, which is not available when the parties' conduct is governed by an existing legal relationship. *Paweltzki v. Paweltzki*, 964 N.W.2d 756, 769 (S.D. 2021). "If there is an adequate remedy of law available, the court must dismiss the unjust enrichment claims." *Jim Hawk Truck-Trailers of Sioux Falls, Inc. v. Crossroads Trailer Sales & Serv., Inc.*, 655 F. Supp. 3d 825, 867 (D. S.D. 2023) (citing *Rindal v. Sohler*, 658 N.W.2d 769, 772–73 (S.D. 2003)). At the hearing on the Motion, Plaintiff agreed with dismissing the unjust enrichment claim if it prevailed on the breach of contract claim.

Based on the foregoing, and in light of the Court's recommendation to grant default judgment as to Plaintiff's breach of contract claim, Plaintiff fails to demonstrate that the second and third *Eitel* factors weigh in favor of default judgment as to Plaintiff's unjust enrichment claim against Defendant Golden Pond. The Court thus finds that the second and third *Eitel* factors weigh against default judgment for this claim.

C.    Sum of Money at Stake

The fourth *Eitel* factor requires courts to consider "the amount of money at stake in relation to the seriousness of [the defendant's] conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. Plaintiff alleges that the amount owed to Plaintiff under the line of credit is at least $78,213.07. *See* ECF No. 1 at 4 ¶ 17. Plaintiff also

13

seeks $14,429.74 in attorneys' fees and costs incurred in the collection of the amounts owed under the customer agreement.  *See* ECF No. 34 at 4 ¶ 10, 6 ¶ 15.

The Court finds that Plaintiff's request for damages is specifically tailored to Defendant Golden Pond's acts and omissions, i.e., its purported failure to perform under the terms of the customer agreement.  Because the amount of money at stake in relation to the seriousness of Defendant Golden Pond's breach of contract is reasonable, the Court finds that the fourth *Eitel* factor weighs in favor of default judgment.

D.    Likelihood of a Dispute Concerning Material Facts

The fifth *Eitel* factor requires courts to consider "the possibility of dispute as to any material facts in the case." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Here, Defendant Golden Pond was served with the Complaint and the Motion.  ECF Nos. 21, 28-8, 32.  Defendant Golden Pond had a fair opportunity to timely defend against the Complaint and respond to the Motion, yet failed to do so.  Thus, because the well-pleaded allegations in the Complaint are undisputed, the Court finds that the fifth *Eitel* factor weighs in favor of default judgment.

E.    Whether Default was Due to Excusable Neglect

The sixth *Eitel* factor considers whether the defendant's default is due to excusable neglect.  *Eitel*, 782 F.2d at 1472.  "This factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the

14

defendant is aware of the lawsuit." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012) (citation omitted). The record shows that Plaintiff properly served Defendant Golden Pond with the Complaint. ECF No. 21.

In addition, Plaintiff served Defendant Golden with a copy of the Motion and the order setting the hearing date and briefing schedule on the Motion. ECF Nos. 28-8, 32. If Defendant Golden Pond believed that Plaintiff's allegations were inadequate to state a claim for relief, it could have responded to the Motion or appeared at the hearing. The record in this case indicates that Defendant Golden Pond's default was not due to excusable neglect, but rather Defendant Golden Pond's conscious and willful decision not to actively defend the action. The Court thus finds that the sixth *Eitel* factor weighs in favor of default judgment.

F.      Policy Favoring Decisions on the Merits

Default judgments are ordinarily disfavored, and cases should be decided on their merits whenever reasonably possible. *Eitel*, 782 F.2d at 1472 (citation omitted). Defendant Golden Pond's default, however, renders a decision on the merits impractical, if not impossible. Defendant Golden Pond has not complied with any case deadlines. Because Defendant Golden Pond has not been responsive, this case cannot move forward.

15

Under Rule 55(a), "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  In addition, the mere existence of Rule 55(b) indicates that the policy to decide cases on the merits is not alone dispositive. *Id.*  Thus, this factor does not preclude the Court from entering default judgment against Defendant Golden Pond.

G.    Summary of Default Judgment Factors

After carefully reviewing the *Eitel* factors, this Court finds that the totality of the *Eitel* factors weighs in favor of entering default judgment against Defendant Golden Pond as to Count I for Plaintiff's breach of contract claim.  This Court thus recommends that the district court enter default judgment in Plaintiff's favor and against Defendant Golden Pond as to Count I for breach of contract.

As to Count III, Plaintiff's unjust enrichment claim, because Plaintiff fails to satisfy the second and third *Eitel* factors, and such factors are dispositive, the Court finds that default judgment is improper. *Lesnik*, 2021 WL 4243399, at \*11.  The Court thus recommends that the district court deny default judgment as to Plaintiff's unjust enrichment claim.

III.    Damages

Although Plaintiff's allegations regarding liability are taken as true, allegations regarding the amount of damages are not. *Geddes*, 559 F.2d at 560

16

(citations omitted).  Rather, a plaintiff "is required to prove all damages sought in the complaint, and the court must ensure that the amount of damages is reasonable and demonstrated by the evidence." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citing Fed. R. Civ. P. 55(b); Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)). "[U]nliquidated damages must be supported by admissible evidence." *Century Nat'l Ins. Co. v. United States*, Case No. CV 17-1670 PA (Ex), 2018 WL 6003572, at *2 (C.D. Cal. Apr. 5, 2018) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944); *Penpower Tech. Ltd. v. S.P.C. Tech.*, Case No. 07-3621 SC, 2008 WL 2468486, at *8 (N.D. Cal. June 17, 2008)).

In the Complaint, Plaintiff requests an award of (1) general, special, and compensatory damages and (2) attorneys' fees and costs.  South Dakota law provides the following regarding the measure of damages for breach of contract:

> For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom.  No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and their origin.

*Baker*, 912 F. Supp. 2d at 824 (citing S.D. Codified Laws § 21-2-1).  In addition, South Dakota law provides that "[t]he detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the

17

obligation with interest thereon." *Id.* (citing S.D. Codified Laws § 21–2–2). "If plaintiffs can prove they met their obligations under the contract, they would be entitled to damages which 'were in fact caused by the breach.'" *Id.* (quoting *McKie v. Huntley,* 620 N.W.2d 599, 603 (S.D. 2000)). "Thus, plaintiffs would be entitled to the money owed under the contract." *Id.* (citing S.D. Codified Laws § 21–2–2).

Here, the allegations set forth in the Complaint are sufficient to support a finding that Plaintiff met its obligations under the contract. Defendant Lee, on behalf of Defendant Golden Pond, applied for a line of credit and accepted the terms applicable to the line of credit. ECF No. 1 at 3 ¶¶ 7, 9. Plaintiff extended the line of credit to Defendant Golden Pond. *Id.* at 4 ¶ 12. Defendant Golden Pond later breached the terms of the customer agreement on January 7, 2024, by failing to pay the amounts owed under the business line of credit. *Id.* at 4 ¶¶ 14–15; *id.* at 6 ¶¶ 25, 28, 29. The Court thus finds that Plaintiff is entitled to damages caused by Defendant Golden Pond's breach of contract. *Baker*, 912 F. Supp. 2d at 824; S.D. Codified Laws § 21-2-1.

Based on the information provided by Plaintiff, the Court finds that the alleged loss is "clearly ascertainable in both its nature and origin." S.D. Codified Laws § 21-2-1. In the Motion, Plaintiff submits a declaration from Amy Greenwell, a loan workout specialist at Wells Fargo Bank, N.A. ECF No. 28-2.

18

Therein, Ms. Greenwell asserts that Defendant Golden Pond's business line was charged off and closed on June 13, 2024, with a remaining balance of $78,213.07. *Id.* at 3 ¶ 11.  Ms. Greenwell also submits the most recent statement showing a balance owed of the same amount.  *Id.* at 4 ¶ 15; ECF No. 28-7.  Ms. Greenwell states that Plaintiff is not seeking interest or late charges.  ECF No. 28-2 at 4 ¶ 15. The Court thus finds that Plaintiff is entitled to recover $78,213.07 for Defendant Golden Pond's breach of contract.

In addition, Plaintiff seeks attorneys' fees and costs pursuant to the Promise to Pay provision of the customer agreement.  The agreement states that Defendant Golden Pond "promise[d] to pay the total of any Finance Charges and Other Charges due on the Account, as stated in this Agreement, and all costs and expenses including any attorney's fees incurred in enforcing this Agreement." ECF No. 28-6 at 9.  Based on the express terms of the customer agreement, the Court finds that Plaintiff is entitled to recover its attorneys' fees and costs.  *See Stern Oil Co., Inc. v. Brown*, 908 N.W.2d 144, 157 (S.D. 2018) (explaining that although South Dakota follows the American rule of attorneys' fees, "an award of attorneys' fees is allowed when authorized by the parties' agreement" (citations omitted)); *see id.* at 159 ("Unlike statutory costs and disbursements to a prevailing party, the terms of the contract control the consideration of attorney's fees and

19

costs provided for agreement between the parties." (emphasis and citation omitted)).

South Dakota law provides that an award of attorneys' fees "must be reasonable for the services rendered." *Eagle Ridge Ests. Homeowners Ass'n, Inc. v. Anderson*, 827 N.W.2d 859, 867 (S.D. 2013) (citation omitted). "[T]he calculation of attorney fees must begin with the hourly fee multiplied by the attorney's hours." *Id.* (citation omitted). After this initial calculation, the court must consider a number of factors to determine a reasonable award of attorneys' fees:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

20

*Id.* (other citation omitted) (quoting *City of Sioux Falls v. Kelley,* 513 N.W.2d 97, 111 (S.D. 1994)).  No single factor is determinative, and courts should consider all factors in determining a reasonable fee.  *Id.* (citation omitted).

Plaintiff requests the following hourly rates:  (1) $335 for Edmund K. Saffery, Esq.; (2) $275 and $283 for Christopher St. Sure, Esq., for the 2024 and 2025 fiscal years, respectively; and (3) $200 and $206 for Shannon M. Wong, Esq., for the 2024 and 2025 fiscal years, respectively.  ECF No. 34 at 4 ¶ 9.  The Court is unable to assess the reasonableness of the requested hourly rates based on the present record.

Plaintiff's counsel's declaration only provides the conclusory assertion that the requested rates are "substantially less than the reasonable prevailing rates charged in the community of Honolulu, Hawai'i for the services of attorneys with similar experience, skills and reputation on this type of case."  *Id.* ¶ 11.  Counsel does not provide any specific information to substantiate each attorney's requested hourly rate, such as their experience, qualifications, or areas of practice.  Absent such information, the Court cannot meaningfully evaluate whether the requested hourly rates are reasonable.  *See In re S. Dakota Microsoft Antitrust Litig.*, 707 N.W.2d 85, 102–03 (S.D. 2005) ("We do not accept the actual amount charged by an attorney as typical or reasonable per se.  Instead, the burden is on the fee applicant to show the hourly rate claimed is reasonable." (citations omitted)).  The

21

Court thus finds that Plaintiff fails to establish the reasonableness of the requested attorneys' fees.  The Court further finds that Plaintiff is not entitled to recover such fees in connection with the Motion.

Plaintiff requests $626.61 in costs, as follows:  (1) $405 for the court filing fee; (2) $67 for the process server's fees and mileage; (3) $48 for the certification of the Complaint; and (4) $106.61 in postage and handling.  ECF No. 34 at 5 ¶¶ 12–13; ECF No. 34-3.  The Court finds these requested costs reasonable.  The Court thus finds that Plaintiff is entitled to recover $626.61 in costs in connection with the Motion.

Based on the foregoing, the Court finds and recommends that Plaintiff is entitled to recover $78,213.07 as damages for Defendant Golden Pond's breach of contract and $626.61 in costs, for a total of $78,839.68.

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Plaintiff Wells Fargo Bank, N.A.'s Motion for Default Judgment Against Defendant Golden Pond, Inc. (ECF No. 28).  The Court RECOMMENDS that the district court GRANT default judgment in favor of Plaintiff and against Defendant Golden Pond, Inc., as to Plaintiff's breach of contract claim (Count I) and award Plaintiff $78,213.07 as damages and $626.61 in costs, for a total of **$78,839.68**.  The Court

22

RECOMMENDS that the district court DENY Plaintiffs' request for default

judgment against Defendant Golden Pond as to Plaintiff's unjust enrichment claim

(Count III) and Plaintiff's request for attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, May 29, 2026.



Kenneth J. Mansfield
United States Magistrate Judge

*Wells Fargo Bank, N.A. v. Golden Pond, Inc., et al.*, Civil No. 25-00014 DKW-KJM; Findings
and Recommendation to Grant in Part and Deny in Part Plaintiff Wells Fargo Bank, N.A.'s
Motion for Default Judgment Against Defendant Golden Pond, Inc.